The Honorable Tim Hutchinson State Representative Box 933 Bentonville, Arkansas 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding Act 713 of 1987, the Arkansas Rights of the Terminally Ill or Permanently Unconscious Act. You have asked the following specific question:
 Does Act 713 of 1987 permit nutrition and hydration removal from a patient in cases where the patient has been declared "permanently unconscious" but is not "terminally ill"?
Section 2 of Act 713 provides in pertinent part as follows:
 (a) An individual of sound mind and 18 or more years of age may execute at any time a declaration governing the withholding or withdrawal of life-sustaining treatment. The declaration must be signed by the declarant, or another at the declarant's direction, and witnessed by two individuals. . . .
 (c) A declaration may, but need not, be in the following form in the case where the patient is permanently unconscious: "If I should become permanently unconscious I direct my attending physician, pursuant to the Arkansas Rights of the Terminally Ill or Permanently Unconscious Act, to (withhold or withdraw life-sustaining treatments that are no longer necessary to my comfort or to alleviate pain). (follow the instructions of whom I appoint as my health care proxy to decide whether life-sustaining treatment should be withheld or withdrawn). . . .
Section 6(b) states:
 This Act does not affect the responsibility of the attending physician or other health-care provider to provide treatment, including nutrition and hydration, for a patient's comfort, care, or alleviation of pain.
A review of these particular provisions of the Act reveals that the answer to your question is no. There may be circumstances under which one might argue that nutrition and hydration are the equivalent of "life-sustaining treatments that are no longer necessary to (one's) comfort or to alleviate pain" (Section 2(c)), since the definition of "permanently unconscious" under Section 1(11) includes the absence of "thought, feeling, sensations and awareness of self and environment." However, the General Assembly has clearly stated its intent under Section 6(b) to leave unaffected the responsibility to provide nutrition and hydration.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.